Case 3:20-cv-02383-MAS-TJB   Document 17   Filed 03/04/21   Page 1 of 5 PageID: 200

Case 3:20-cv-02383-MAS-TJB   Document 17   Filed 03/04/21   Page 1 of 5 PageID: 200

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIGHVIEW TERRACE APARTMENTS,<br><br>Plaintiff,<br><br>v.<br><br>ASSEM ABULKHAIR,<br><br>Defendant. | Civil Action No. 20-2383 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Assem Abulkhair's ("Defendant") *in forma pauperis* application ("IFP Application") under 28 U.S.C. § 1915. (IFP Appl., ECF No. 16.) Plaintiff Highview Terrace Apartments ("Plaintiff") has also filed a Motion to Remand this matter to Superior Court. (ECF No. 3.) The Court will grant Defendant's application pursuant to § 1915, direct the Clerk to file the Notice of Removal (ECF No. 1) and the Complaint (ECF No. 1-1), but also grant Plaintiff's Motion to Remand.

**I.   BACKGROUND**

Defendant proceeds *pro se* in this matter. On February 5, 2020, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Law Division, Passaic County. (Compl. *1, Attachment to Notice of Removal, ECF No. 1-1.)[1] The Complaint involved a "landlord/tenant" dispute, and Plaintiff sought to "permanently remove [Defendant] from the premises" of

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

Defendant's Passaic, New Jersey apartment. (*Id.*) On March 6, 2020, Defendant removed the matter to this Court. (Notice of Removal, ECF No. 1.) According to the Notice of Removal, "the [Defendant] lives in . . . federally subsidized housing where the [f]ederal law applies." (*Id.* at *1.) Additionally, the Defendant alleges that "[t]he landlord engaged in rental and religious discrimination to shock all the consciences." (*Id.*) Furthermore, in support of removal, the Defendant alleges that "[i]n direct retaliation to assist the feds' assassination campaign," Plaintiff "transferred the unit into a Guantanamo Bay prison cell to torture the undersigned [Defendant] day and night by attacking him electronically in every move inside his unit to attack his muscles and nerve[s] to lose conscience and balance to knock him down." (*Id.*) According to Defendant, Plaintiff "encouraged the neighbors to do the same for which reported to the police [sic]." (*Id.*) The Notice of Removal concludes by asserting "[t]he federal laws govern over all." (*Id.*)

Plaintiff has since moved to remand this matter to Superior Court. (ECF No. 3.) Plaintiff maintains that this action was "brought under New Jersey's Anti-Eviction Act." (Pl.'s Remand Moving Br. 4 (citing N.J. Stat. Ann. § 2A:18-61.1), ECF No. 3-2.) According to Plaintiff, this case "is not directed at the [Defendant's] failure to pay rent but rather his conduct" in allegedly refusing to allow certain inspections. (*Id.*)[2] Plaintiff maintains that this court lacks "subject-matter jurisdiction over landlord tenant actions." (*Id.* 8-9.)

---

[2] Plaintiff filed a subsequent state action in Superior Court of New Jersey, Law Division, Passaic County on January 19, 2021. *See* Notice of Removal, *Highview Terrace Apts. v. Abulkhair*, No. 21-2067 (D.N.J. Feb. 8, 2021). Defendant also subsequently removed that action to this Court. *Id.* Plaintiff asserts that the two actions arise from different events, as the 2020 action pertains to "[Defendant's] breach of his lease agreement for failing to allow an inspection to occur in his rental unit[,]" while the 2021 action allegedly relates to the "[Defendant's] disorderly conduct." Pl.'s Mot. to Remand Moving Br. 5 n. 1, *Highview Terrace Apts. v. Abulkhair*, No. 21-2067 (D.N.J. Feb. 15, 2021).

2

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not decide a matter in the absence of federal subject-matter jurisdiction. *See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 701-02 (1982). "This Court has an independent obligation to satisfy itself that it has subject-matter jurisdiction." *Jackson v. Fererretti*, No. 08-5702, 2009 WL 192487, at *1 (D.N.J. Jan. 26, 2009) (sua sponte dismissing a complaint filed pursuant to 28 U.S.C. § 1915 for lack of subject-matter jurisdiction) (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Id.* (alterations in original). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citation omitted).

## III. DISCUSSION

Here, Plaintiff's Complaint does not provide a basis for federal subject-matter jurisdiction. First, neither the Complaint nor the Notice of Removal suggest that there is a basis for diversity jurisdiction. While the pleadings do not clearly establish Plaintiff's citizenship, the Complaint alleges that Defendant owes "$.00" in debt for the apartment. (Compl. *8.) According to Plaintiff, this case "is not directed at the [Defendant's] failure to pay rent but rather his conduct" in allegedly refusing to allow certain inspections. (Pl.'s Remand Moving Br. 4.) Accordingly, the pleadings do not establish the amount in controversy required for diversity jurisdiction.

3

Second, Plaintiff does not raise any federal question pursuant to 28 U.S.C. § 1331. "To determine whether a case 'arises under' federal law, a court must look to the allegations of the plaintiff's 'well-pleaded complaint.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)). "[T]he party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citing *Franchise Tax Bd.*, 463 U.S. at 9-11). It is black-letter law that in order to satisfy the well-pleaded complaint rule, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the *plaintiff's* cause of action." *Parell*, 783 F.2d at 365 (emphasis added) (citing *Franchise Tax Bd.*, 463 U.S. at 10).

The Court finds that no claim arising under the Constitution or other federal law can be found on the face of Plaintiff's Complaint. It is well-settled that a landlord-plaintiff's eviction claim against a tenant-defendant does not establish a federal claim. *See, e.g., Arora v. Barretta*, No. 19-18051, 2019 WL 5172178, at *1 (D.N.J. Oct. 15, 2019) (remanding an attempted removal of an eviction action because "[p]laintiff's [c]omplaint [did] not assert a federal claim" but was instead "a summary proceeding to evict [d]efendant[] for failure to pay rent"). Moreover, Defendant's allegations of religious discrimination and violations of federal subsidized housing laws are not bases for invoking the Court's federal question jurisdiction. "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). "The 'well-pleaded complaint' rule dictates that a plaintiff is ordinarily entitled to its chosen state-court forum so long as its complaint does not allege a federal claim on its face." *Est. of Maglioli*

4

*v. Andover Subacute Rehab. Ctr.*, 478 F. Supp. 3d 518, 525 (D.N.J. 2020). Once again, it is black-letter law that in order to satisfy the well-pleaded complaint rule, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the *plaintiff's* cause of action." *Parell*, 783 F.2d at 365 (emphasis added) (citation omitted). Here, Defendant raises federal questions, not Plaintiff.

Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS** on this 4th day of March 2021 **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 16) is hereby **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Clerk of the Court shall file the Notice of Removal and the Complaint without prepayment of fees or security.

3. The Motion to Remand (ECF No. 3) is **GRANTED**.

4. The Clerk shall remand this matter to the Superior Court of New Jersey, Law Division, Special Civil Part, Passaic County and close the case.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**